IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3269-BO

**Dwight L. Robinson,**

        Plaintiff,

v.

**James Vaughn**, Superintendent,
Caledonia Correctional Institution, et al.,

        Defendants

**Order**

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) [D.E. 12]. The court ADOPTS the M&R.

## BACKGROUND

On October 16, 2015, plaintiff Dwight L. Robinson ("Robinson"), a state inmate confined at Caledonia Correctional Institution ("Caledonia CI"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against James Vaughn, Superintendent of Caledonia CI, and Caledonia CI physician Dr. Land [D.E. 1]. Robinson alleged that defendants were deliberately indifferent to his need for medical care after suffering a spider bite. Id. at 3–4. Robinson also filed a motion for discovery [D.E. 6], a motion for injunction and declaratory judgment [D.E. 7], a motion to appoint counsel [D.E. 8], a motion to amend his complaint to request a jury trial [D.E. 9], and a motion to enter evidence [D.E. 10], together with a document in support of the motion [D.E. 10-1] which Judge Numbers construed as a second motion to amend the complaint to allege additional facts.

On August 2, 2016, after a preliminary review pursuant to 28 U.S.C. § 1915A, Judge Numbers entered an M&R granting Robinson's motions to amend his complaint [D.E. 9, 10] and denying Robinson's motion to appoint counsel [D.E. 8]. Additionally, Judge Numbers recommended the following: that the court dismiss Robinson's claim against defendants Vaughn and Dr. Land in their official capacities; that the court dismiss Robinson's claim against defendant Vaughan in his individual capacity; that the court dismiss Robinson's claim against Dr. Land; and that the court deny Robinson's motions for discovery [D.E. 6], for injunctive and declaratory relief [D.E. 7], and for a jury trial [D.E. 9], as moot. See M&R [D.E. 12] 10–11. On August 15, 2016, Robinson filed objections to the M&R [D.E. 13].

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. 636(b). Absent a timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendations." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the pleadings.

Robinson first objects to Judge Numbers' conclusion that defendant Dr. Land was not deliberately indifferent to his serious medical need. He argues that when he first went to the Caledonia Medical Clinic, the nurse wanted to send him to the hospital, however she consulted with Dr. Land who instead instructed her "to do a few things and he'll see him on sick-call." In

2

Robinson's opinion, Land was not "caring and compassionate." See Obj. [D.E. 13] ¶ 1. Robinson argues that adequate treatment was provided not by Dr. Land, but by three other physicians. He argues that he should be allowed to conduct discovery in order to show "who did what on what day." Id.

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). In order to find a prison official liable under the Eighth Amendment, the official must know of and purposefully ignore "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." Id. at 763. Therefore, disagreements "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

In finding no Eighth Amendment violation by Dr. Land, Judge Numbers found that Dr. Land referred Robinson to specialists and physicians who treated him and prescribed medication, that Dr. Land prescribed Ciprofloxacin for Robinson's foot as well as "medi-pads," and that Dr. Land subsequently prescribed Cephalexin and told Robinson he would have Robinson scheduled

3

for x-rays. On April 19, 2016, Robinson was taken to Central Prison hospital for treatment and was checked by three doctors. Dr. Harrell ordered "Aluminum Acetate" soak-packs and medi-pads and put in an order for Robinson to see a foot specialist. Subsequently, Robinson was called to the Caledonia Medical Clinic where he received the medications as well as a foot soaking pan. After that, Robinson saw the foot doctor, Dr. Fitzhugh, at Central Prison hospital who prescribed medication to promote healing and to fight off infection. See M&R [D.E. 12] 9–10.

The crux of Robinson's argument is that he disagrees with Dr. Land's decision not to send him to the hospital when he was first seen for the spider bite. He argues that the delay in treatment caused his injury to worsen and resulted in additional pain. However, the evidence fails to establish that Dr. Land ignored or disregarded Robinson's need for medical treatment. Rather, Robinson's allegations establish, at most, negligent treatment by Dr. Land. As stated, allegations that an official was negligent or mistaken in his treatment is insufficient to establish a § 1983 claim. Robinson's disagreement with Dr. Land's treatment does not support a claim of deliberate indifference. Wright, 766 F.2d at 849. Because Robinson has failed to show an Eighth Amendment violation by Dr. Land, Judge Numbers correctly concluded that Robinson's claim should be dismissed. This objection is overruled.

Two of Robinson's objections relate to Judge Numbers' denial of his motion for appointment of counsel. See Obj. at ¶¶ 2, 5. There is no constitutional right to counsel in civil cases and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and

4

complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 196 (1989) (quoting Branch v. Cole, 686 F.2d 264 (4th Cir. 1982)); see also, Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

In support of this objection, Robinson essentially repeats the argument raised in his motion, specifically, that he lacks legal knowledge and access to legal resources. However, "merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant *de novo* review." Cochran v. Lindzau, No. 5:15-CT-3138-BO, 2015 WL 9049810, at * 1 (E.D.N.C. Dec. 16, 2015); Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). As Judge Numbers noted, pro se litigants regularly pursue Eighth Amendment claims in this court without the assistance of counsel. Moreover, the facts alleged by Robinson do not present a "colorable claim," as his factual allegations fail to establish deliberate indifference by Dr. Land to his serious medical need. These objections are overruled.

Next, Robinson objects to Judge Numbers' recommendation to dismiss his claim against Dr. Land without allowing him to conduct discovery. He contends that discovery would show "who did what and where[.]" Obj. at ¶ 3. However, discovery regarding what other physicians did is not relevant to the issue of whether Dr. Land ignored or disregarded Robinson's need for treatment of his injury. As stated, the evidence fails to establish that Dr. Land violated Robinson's Eighth Amendment rights. Thus, Robinson has failed to show how discovery of information regarding the diagnosis and treatment by other physicians would provide the court

5

with additional relevant evidence. Judge Numbers correctly denied Robinson's motion for discovery [D.E. 6], and this objection is overruled.

Next, Robinson argues that Dr. Land's decision not to send him to the hospital when he first was seen for the spider bite was "incompetent and inadequate." Obj. at ¶ 4. He argues that Dr. Land was "not caring" when he "overruled" the nurse's decision to send him to the hospital. See id. However, as previously stated, allegations of negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Moreover, Robinson's disagreement with Dr. Land's treatment does not support a claim of deliberate indifference. Wright, 766 F.2d at 849. This objection is overruled.

Next, Robinson argues that Judge Numbers erred in recommending that the court deny his motion for a jury trial. Obj. at ¶ 6. However, as stated, Robinson has failed to allege facts which, if true, would establish a constitutional violation. Thus, Judge Numbers was correct that Robinson's motion for a jury trial is moot. This argument is overruled.

Finally, Robinson argues that he exhausted his administrative remedies as to his claim. Obj. at ¶ 7. However, Judge Numbers did not recommend dismissal of Robinson's claim for failure to exhaust his remedies. Rather, Judge Numbers concluded that Robinson failed to allege a cognizable constitutional claim. Thus, the question of exhaustion is irrelevant and did not form a basis for Judge Numbers' recommendation of dismissal. This objection is overruled.

Upon careful review of the record and the M&R, the court rejects Robinson's objections to the M&R and adopts the Recommendation.

SO ORDERED. This ___ day of September, 2016.

TERRENCE W. BOYLE
United States District Judge

7